**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

PILOT CONSTRUCTION SERVICES, INC.,

                Plaintiff,

-vs-                                              Case No. 8:05-cv-2095-T-24MSS

MT. HAWLEY INSURANCE COMPANY
and ROBERT FEDOR,

                Defendants.

_____

## O R D E R

This cause comes before the Court for consideration of Plaintiff's Motion to Remand (Doc. No. 6). Defendant Mt. Hawley Insurance Company ("Mt. Hawley") filed a response in opposition thereto (Doc. No. 9). Defendant Robert Fedor ("Fedor") has not yet made an appearance in this case.

**I.    Background**

The complaint in this action was filed in the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, on or about October 7, 2005. In the complaint, Plaintiff seeks declaratory relief pursuant to FLA. STAT. §86.011 relating to coverage under an insurance policy (Count I). Plaintiff also alleges claims for breach of contract (Count II) and promissory estoppel (Count III). On November 14, 2005, Defendant Mt. Hawley removed the case to this Court alleging that Defendant Fedor was fraudulently joined to defeat diversity of citizenship.

**II.    Standard of Review**

To remove a case based upon allegations of fraudulent joinder, the removing party has the burden of proving that either (1) there is no possibility that the plaintiff can establish a

cognizable cause of action against the resident defendant, or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court. See Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989). The burden on the removing party is a "heavy one." See B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981). In considering a motion for remand, if there is even a possibility that a state court would find that the complaint states a cause of action against a resident defendant, the federal court must find that joinder was proper and remand the case to state court. See Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997). All uncertainties as to removal jurisdiction are to be resolved in favor of remand. See Russell Corp. v. American Home Assurance Co., 264 F.3d 1040, 1050 (11th Cir. 2001)(citing Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994)).

### III.   Discussion

Plaintiff, a Florida corporation, alleges in the complaint that it was under contract with the Veterans Administration to construct additions to the James A. Haley Veterans Hospital in Tampa, FL. As part of the contract, Plaintiff was required to have an insurance policy providing coverage for bodily injury and property damage. Defendant Mt. Hawley, a foreign corporation, issued the insurance policy to Plaintiff.

On June 25, 2001, a water leak occurred at the construction project which caused "extensive flooding and damage to the hospital" (Doc. No. 2, ¶ 6). Plaintiff reported the event to Defendant Mt. Hawley and Defendant Mt. Hawley authorized Defendant Fedor, a Florida citizen, to act as its general adjuster.

Plaintiff further alleges that on or about August 7, 2001, Defendant Fedor "gave the 'go ahead' to the hospital to do the repairs, the cost of which would be reimbursed by" Defendant

Mt. Hawley. Plaintiff avers that it, along with the Veterans Administration, relied on the representations of Defendant Fedor that the cost of the repairs would be reimbursed by Mt. Hawley (Doc. No. 2, ¶ 9). Plaintiff alleges that the Veterans Administration proceeded to perform the mitigation and repairs of the water damage, which resulted in a large claim that was ultimately submitted to Defendant Mt. Hawley. Plaintiff alleges that Mt. Hawley refused to pay any of the costs of the repairs incurred by the Veterans Administration, and the Veterans Administration is holding Plaintiff liable for the unpaid repair costs. The complaint seeks, in part, a declaratory judgment pursuant to FLA. STAT. §86.011 declaring that the statements of Defendant Fedor are binding on Defendant Mt. Hawley.

Plaintiff moves this Court to remand the case to state court for lack of subject matter jurisdiction. Specifically, Plaintiff argues Defendant Mt. Hawley has failed to demonstrate that the joinder of Defendant Fedor is fraudulent and that there is no possibility that Plaintiff may obtain a declaratory judgment against Defendant Fedor under FLA. STAT. §§86.011 and 86.061.

> FLA. STAT. §86.011 states in relevant part:
>
> The circuit and county courts have jurisdiction within their respective jurisdictional amounts to declare rights, status, and other equitable or legal relations whether or not further relief is or could be claimed . . . Any person seeking a declaratory judgment may also demand additional, alternative, coercive, subsequent, or supplemental relief in the same action.
>
> FLA. STAT. §86.061 states in relevant part:
>
> Further relief based on a declaratory judgment may be granted when necessary or proper. The application therefor shall be by motion to the court having jurisdiction to grant relief. If the application is sufficient, the court shall require any adverse party whose rights have been adjudicated by the declaratory judgment to show cause on reasonable notice, why further relief should not be granted forthwith.

In the complaint, Plaintiff alleges "[t]here exists a present, bona-fide dispute as to the authority of ROBERT FEDOR to bind MT. HAWLEY and the existence of coverage under the policy" (Doc. No. 2, ¶ 20). As part of its request for a declaratory judgment, Plaintiff seeks a "judgment declaring that the statements of ROBERT FEDOR are binding on MT. HAWLEY."

In its Notice of Removal, Defendant Mt. Hawley states "Defendant Robert Fedor ("Fedor"), an independent insurance adjustor who was and is employed by GAB Robbins, is fraudulently joined as a defendant since there is no cause of action pled against him and no judgment is sought against him" (Doc. No. 1). Defendant Mt. Hawley concedes that Defendant Fedor is not a regular employee and is, in fact, an independent adjuster. Plaintiff alleges in the complaint that Defendant Fedor made oral representations to Plaintiff that the repairs would be reimbursed by Mt. Hawley. Mt. Hawley has taken the position that Fedor's representations cannot bind Mt. Hawley. Therefore, both Defendant Fedor and Defendant Mt. Hawley may potentially be liable to Plaintiff. See Martin v. Principal Mut. Life Ins. Co., 557 So.2d 128 (Fla. 3rd DCA 1990); see also King v. National Sec. Fire and Cas. Co., 656 So.2d 1338, 1339 (Fla. 4th DCA 1995).

Clearly, Defendant Fedor's rights and interests could be affected by a decree with respect to his authority to bind Defendant Mt. Hawley. See Blue Dolphin Fiberglass Pools of Florida, Inc. v. Swim Indus. Corp., 597 So.2d 808, 809 (Fla. 2d DCA 1992). Specifically, should the Court determine that Defendant Fedor's statements are not binding on Defendant Mt. Hawley, Plaintiff would in all likelihood demand supplemental relief against Defendant Fedor. Additional, alternative, coercive, subsequent or supplemental relief in the same proceeding are

clearly contemplated by FLA. STAT. §86.011. Therefore, it is distinctly possible that a state court could find the complaint states a cause of action against Defendant Fedor.

Defendant Hawley has not carried its heavy burden of proving fraudulent joinder. The Court finds that remand of this action to state court is otherwise proper because Plaintiff, in its complaint, asserts exclusively state law claims and there is a lack of complete diversity of the parties. Accordingly, this Court lacks subject matter jurisdiction over this action. Therefore, Plaintiff's motion to remand (Doc. No. 6) is **GRANTED** to the extent that Plaintiff requests that this case be remanded to state court.

Having determined that this case should be remanded, the Court addresses Plaintiff's request for attorney's fees and costs. Under 28 U.S.C. § 1447(c), "an order remanding the case *may* require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal" (emphasis added). An award of attorney's fees under this section is completely discretionary. See Martin v. Mentor Corp., 142 F. Supp. 2d 1346, 1349 (M.D. Fla. 2001); see also IMCO USA, Inc. v. Title Insurance Co. of Minn., 729 F. Supp. 1322, 1324 (M.D. Fla. 1990). While the Court finds that it lacks jurisdiction over this action and grants Plaintiff's motion to remand, the Court does not find that Defendant acted unreasonably or in bad faith in removing this case. Thus, Plaintiff's motion to remand (Doc. No. 6) is **DENIED** to the extent that Plaintiff requests attorney's fees and costs.

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1) Plaintiff's Motion to Remand (Doc. No. 6) is **GRANTED** to the extent that this case is remanded to state court; but **DENIED** as to Plaintiff's request for

attorney's fees and costs incurred in filing the motion. The Clerk is directed to remand this action to state court and **CLOSE** the case.

(2) Defendant Mt. Hawley's Motion to Compel Meeting to Prepare Case Management Report and to Enlarge Time to Respond to Outstanding Discovery (Doc. No. 10) is **DENIED AS MOOT.**

(3) Plaintiff's Unopposed Motion for Enlargement of Time in Which to Serve Case Management Report (Doc. No. 11) is **DENIED AS MOOT**.

**DONE AND ORDERED** at Tampa, Florida, this 31st day of January, 2006.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:

Counsel of Record